1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    LILLIAN CHRISTENSEN,

10              Plaintiff,                         No. C 11-03864 JSW

11       v.
                                                  **ORDER DENYING MOTION FOR**
12   ROBERT E COTNOIR, et al.,                    **LEAVE TO AMEND**

13              Defendants.
     _____/

14

15          Now before the Court is the motion filed by Defendant and Third-party Plaintiff Robert

16   E. Cotnoir ("Cotnoir") for leave to amend his third-party complaint against Third-Party

17   Defendant Kenneth Steven Lundie ("Lundie").  The Court determines that this matter is

18   appropriate for disposition without oral argument and is deemed submitted.  *See* Civ. L.R. 7-

19   1(b).  Accordingly, the hearing set for February 21, 2014 is HEREBY VACATED.  Having

20   carefully reviewed the parties' papers and considering their arguments and the relevant

21   authority, and good cause appearing, the Court hereby denies Cotnoir's motion for leave to

22   amend.

23                                    **BACKGROUND**

24          On May 30, 2012, Cotnoir filed a third-party complaint against Lundie for

25   indemnification of any liability of Cotnoir to Plaintiff Lilian Christensen on the wrongful death

26   claims.  Cotnoir now seeks leave to amend to add a claim for declaratory relief regarding the

27   ownership of fishing permits.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**ANALYSIS**

Federal Rules of Civil Procedure 15(a) provides that leave to amend "shall be freely given." *See* Fed. R. Civ. Proc. 15(a). Courts consider the following factors when determining whether a motion for leave to file an amended complaint should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, each factor is not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.*

Cotnoir seeks leave to amend his third-party complaint against Lundie to add a declaratory relief claim to adjudicate the ownership of fishing permits. However, Federal Rule of Civil Procedure Rule 14(a) authorizes impleader of a third-party defendant only when the "defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.,* 845 F.2d 196, 200 (9th Cir. 1988) (quotation marks and citation omitted). If the proposed third-party claim is not for indemnity, impleader is inappropriate, even if the alleged third-party claim arises from the same transaction or set of facts as the original claim. Here, Cotnoir has not shown that the alleged dispute regarding the ownership of the fishing permits arises out of the same transaction or occurrence of the wrongful death claims against Cotnoir. Moreover, this requested claim for declaratory relief is not for indemnity. Accordingly, it is not a permissible third-party claim. Granting leave to amend would be futile. Therefore, the Court DENIES the motion for leave to amend.

**IT IS SO ORDERED.**

Dated: February 11, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LILLIAN CHRISTENSEN,

             Plaintiff,

  v.

ROBERT E COTNOIR et al,

             Defendant.
_____/

Case Number: CV11-03864 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ken Lundie
1753 NE Yaquina Heights Dr.
Newport, OR 97365-9568

Dated: February 11, 2014

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court

For the Northern District of California