IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COTNOIR, | No. C 11-3864 JSW |
| Third-Party Plaintiff, | **COURT'S INTENDED VOIR DIRE** |
| v. | |
| KENNETH STEVEN LUNDIE. | |
| Third-Party Defendant. | |

The parties are HEREBY NOTIFIED that the following constitutes the Court's Intended Voir Dire. The Court shall provide the parties with deadlines and additional instructions regarding the intended voir dire at the pretrial conference.

**IT IS SO ORDERED.**

Dated: December 12, 2014

_____
JEFFREY S. WHITE
U.S. DISTRICT JUDGE

## STATEMENT OF THE CASE

On April 2, 2010, a commercial fishing boat known as the BETTY K sank in the Pacific Ocean, off the San Mateo Coast. Gary Christensen, a deck hand, died when the boat sank. Mr. Christensen's mother sued the Plaintiff, Robert Cotnoir, and others for money damages related to Mr. Christensen's death. That suit settled. In this suit, Mr. Cotnoir seeks indemnity from Defendant, Kenneth Lundie. In other words, Mr. Cotnoir wants Mr. Lundie to reimburse him for the money he spent defending the earlier lawsuit, and settling with Mr. Christensen's mother. Mr. Cotnoir alleges that Mr. Lundie should reimburse him because Mr. Lundie had an ownership interest in the BETTY K at the time it sank. Mr. Lundie denies that he had any ownership interest in the BETTY K when it sank, and also maintains that the BETTY K was seaworthy at the time he sold it to Mr. Cotnoir.

## QUESTIONS

1. Have any of you heard or read anything about the case?
2. As I said, my name is Jeffrey S. White. Do any of you know me?
3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Molly Smolen, and Kristin Ring. Do any of you know any of these people?
4. The Plaintiff is Robert E. Cotnoir. He is being represented by Arnold I. Berschler from the Law Offices of Berschler Associates.
    a. Are any of you familiar with or do any of you know either Plaintiff or his counsel?
    b. Have any of you been represented by or had any business dealing with any of this attorney or this law firm?
5. The Defendant is Kenneth Steven Lundie. He is representing himself.
    a. Are any of you familiar with or do any of you know the Defendant?
6. During trial, the parties may call the following witnesses:
    **\*\* NEED FINAL LIST OF WITNESSES\*\***
    a. Are any of you familiar with or do any of you know any of the potential witnesses?

7. Do you have any belief or feelings towards any of the parties, lawyers, or witnesses that would make it difficult for you to be fair and impartial?

8. Have you, or any member of your family or friends worked in the maritime field such as working aboard or repairing vessels?

    a. If your answer is yes, what is the nature of your dealings in the maritime field?

    b. Is there anything about your dealings in that field that would prevent you from being a fair and impartial juror in this case?

9. Are you or any of your family or friends acquainted with persons who work in the commercial fishing industry?

    a. If your answer is yes, what is the nature of the contact?

    b. Is there anything about that contact that would prevent you from being a fair and impartial juror in this case?

10. Mr. Lundie has chosen to represent himself in this trial. How will that affect your ability to make an impartial judgment in this case, if at all?

11. Should you find in favor of Mr. Cotnoir, would you be able to award what you believe to be an appropriate sum in compensation, without regard to Mr. Lundie's ability to pay?

12. You will be asked in this case to decide in what percentage, if any, each party is responsible for Mr. Cotnoir's alleged damages. Do you feel that you will be able to decide upon such percentages?

    a. If your answer is no, why not?

13. Have you, any member of your family or close friend, ever made a claim for wrongful death damages?

    a. If your answer is yes, please explain the circumstances.

14. If selected as a juror, you may have to resolve conflicts in the testimony of witnesses. This means you may have to decide to believe all or part of a witness's testimony. Do any of you feel that is something you cannot do?

15. If selected as a juror, you will need to render a verdict solely based on the evidence presented at trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law.  Is there anyone who thinks they will be unable to do that?

16. Having heard the questions put to you by the court, can any of you think of any other reason why you could not sit on this jury and render a fair verdict based on the evidence presented at trial and in the context of the Court's instructions to you on the law?

17. Do you have anything you would like to bring to the court's attention (e.g. health problems, hearing or vision problems, language difficulties, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

18. One of the instructions that I will give you is that throughout the course of this trial, you cannot do your own research on the computer, you cannot Google the names of any of the witnesses, you cannot text, tweet or talk about being on the jury on Facebook or any other social media outlet.  Do any of you think that that will be difficult for you to follow that instruction?  If you failed to failed to follow that instruction, we might have to do the entire trial all over again. So, I am asking you now if that would be at all problematic for you?

4