1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    ROBERT E. COTNOIR,
                                              No. C 11-3864 JSW
10              Third-Party Plaintiff,

11   v.
                                              **COURT'S INTENDED**
12   KENNETH STEVEN LUNDIE.                    **PRELIMINARY JURY**
                                              **INSTRUCTIONS**
13              Third-Party Defendant.

14   _____/

15

16        The parties are HEREBY NOTIFIED that the following constitutes the Court's Intended

17   Preliminary Jury Instructions.  The Court shall provide the parties with deadlines and additional

18   instructions regarding the intended preliminary instructions at the pretrial conference.

19        **IT IS SO ORDERED.**

20

21

22   Dated: December 12, 2014                  _____
                                              JEFFREY S. WHITE
23                                             U.S. DISTRICT JUDGE

24

25

26

27

28

*United States District Court*
For the Northern District of California

**DUTY OF JURY**

     Ladies and gentlemen:  You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

     You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

On April 2, 2010, a commercial fishing boat known as the BETTY K sank in the Pacific Ocean, off the San Mateo Coast. Gary Christensen, a deck hand, died when the boat sank. Mr. Christensen's mother sued the Plaintiff, Robert Cotnoir, and others for money damages related to Mr. Christensen's death. That suit settled. In this suit, Mr. Cotnoir seeks indemnity from Defendant, Kenneth Lundie. In other words, Mr. Cotnoir wants Mr. Lundie to reimburse him for the money he spent defending the earlier lawsuit, and settling with Mr. Christensen's mother. Mr. Cotnoir alleges that Mr. Lundie should reimburse him because Mr. Lundie had an ownership interest in the BETTY K at the time it sank. Mr. Lundie denies that he had any ownership interest in the BETTY K when it sank, and also maintains that the BETTY K was seaworthy at the time he sold it to Mr. Cotnoir.

**United States District Court**
For the Northern District of California

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

        (1)     the sworn testimony of any witness;

        (2)     the exhibits which are received into evidence; and

        (3)     any facts to which the lawyers stipulate.

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

        (1)      statements and arguments of the attorneys;

        (2)      questions and objections of the attorneys;

        (3)      testimony that I instruct you to disregard; and

        (4)      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**United States District Court**
For the Northern District of California

5

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or hear or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witnesses says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**United States District Court**
For the Northern District of California

# CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Tweet, Web site (including social networking media like Facebook, My Space, LinkedIn, You Tube, and Twitter) or other feature. This prohibition applies to communicating with your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. **This prohibition also applies to communicating with your fellow jurors. You are to keep an open mind throughout the case until you have fully deliberated.**

If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Third, because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

1    The law requires these restrictions to ensure the parties have a fair trial based on the
2    same evidence that each party has had an opportunity to address.  A juror who violates these
3    restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would
4    require the entire trial process to start over.  If any juror is exposed to any outside information,
5    please notify the court immediately.
6        Fourth, if you need to communicate with me simply give a signed note to the clerk to
7    give to me; and I will respond in open court.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

United States District Court

For the Northern District of California

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by the notes.

1

2 **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

3

4       When a party has the burden of proof on any claim or affirmative defense by a

5 preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

6 affirmative defense is more probably true than not true. Put another way, "preponderance of the

7 evidence" means evidence that has more convincing force than that opposed to it. If the evidence

8 is so evenly balanced that you are unable to say that the evidence on either side of an issue

9 predominates, your finding on that issue must be against the party who had the burden of proving

10 it.

11       You should base your decision on all of the evidence, regardless of which party presented

12 it.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.   A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.